# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 18-1534V**
**Filed: October 25, 2019**
UNPUBLISHED

|  |  |
|---|---|
| JAMIE BLAYLOCK,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Guillain-Barre Syndrome (GBS) |

*Brenton Aaron Elswick, Maglio Christopher & Toale, PA, Seattle, WA, for petitioner.*
*Christine Mary Becer, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Corcoran**, Chief Special Master:

On December 3, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome (GBS) as a result of receiving an influenza vaccination, on December 30, 2015. Petition at 1 ¶¶ 1, 6, 7, 14, 15. Petitioner further alleges that she received the vaccination in the United States, that she suffered the residual effects of her GBS for more than six months, and that neither she nor any other party has filed a civil action or received compensation for

---

[1] I intend to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

her GBS. *Id.* at ¶¶ 2, 28, 29. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 24, 2019, respondent filed his Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent states that based on the medical records, "petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA"), as defined on the Vaccine Injury Table . . . ." and "petitioner suffered the residual effects of her condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* at 5, (citing 42 C.F.R. §§ 100.3(a), 100.3(c)(10); 42 U.S.C. §§ 300aa-13(a)(1)(B), 300aa-11(c)(1)(D)(I).

**In view of respondent's position and the evidence of record, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master